DICKINSON, Presiding Justice,
specially concurring:
¶29. I join the majority’s view that Chancellor’s conviction should be affirmed. I write separately to set forth why the trial judge’s reliance on Rule 609 was erroneous when he sustained the State’s objection to Chancellor’s attempt to cross-examine Detective Smith about Buckner’s arrest history.
¶ 30. Duress is a proper defense “where a person reasonably believes that he is in danger of physical harm[, and under duress] he may be excused for some conduct which ordinarily would be criminal.” [5] To establish duress, the defendant must show a “present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury.”[6]
¶ 31. In this ease, evidence establishing Buckner’s arrest record was relevant to Chancellor’s duress defense.[7] Relevant *153 evidence is that which has any tendency to make a fact at issue more or less likely.[8] When a defendant raises a duress defense, the criminal history of the person who allegedly forced him to commit the illegal act possesses probative value toward the “well-grounded apprehension” of that person’s harmful intentions. But this probative value would be limited to the degree that the defendant knows of that conduct, because the defendant’s apprehension cannot be affected by facts unknown to him.
¶ 32. Relevant evidence should be admitted, unless “its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.”[9] The trial judge conducted a proper Rule 408 balancing test and found that the probative value of Buckner’s arrest record was substantially outweighed by the danger of unfair prejudice or confusion of the issues. Chancellor’s attorney conceded that he only learned of Buckner’s arrest record before trial through discovery. So if Chancellor did not know about Buckner’s arrest record at the time of the crimes, then this evidence should have been excluded under Rule 403.
¶ 33. But the trial judge erred in excluding evidence of Buckner’s arrests under Rule 609, based on the rule’s requirements of convictions, rather than arrests, and its ten-year limit. Rule 609 applies only when a party uses a prior conviction to impeach a witness’s character for truthfulness. In this case, there was no attempt to impeach the witness — Detective Smith. He was being questioned about Buckner’s arrests, not his own convictions, so Rule 609 was inapplicable.
WALLER, C.J., RANDOLPH, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE AND COLEMAN, JJ., JOIN THIS OPINION.

. Ruffin v. State, 992 So.2d 1165, 1177 (Miss.2008) (quoting West v. State, 725 So.2d 872, 891 (Miss.1998)).

. Ruffin, 992 So.2d at 1178 (quoting West, 725 So.2d at 890 n. 7).

. Clark v. State, 40 So.3d 531, 544 (Miss.2010) (quoting Terry v. State, 718 So.2d 1115, 1121 (Miss.1998)) ("A criminal defendant is entitled to present his defense to the finder of fact, and it is fundamentally unfair to deny the jury the opportunity to consider the defendant's defense where there is testimony to support the theory”).

. M.R.E. 401.

. M.R.E. 403.